(SPACE BELOW FOR FILING STAMP ONLY)
(SPACE BELOW FOR FILING STAMP ONLY)

1  MARK A. CAMPBELL (SB# 93595)
**QUINN • COVARRUBIAS**
2  2220 Douglas Boulevard, Suite 240
Roseville, CA 95661
3  Sacramento, CA  95826
Telephone: (916) 400-2300
4  Fax:        (916) 400-2311
mcampbell@quinncova.com
5  eservice@quinncova.com

6  Attorneys for Defendant
Healthcare Recruitment Link, LLC
7

8  **UNITED STATES DISTRICT COURT**

9  **EASTERN DISTRICT OF CALIFORNIA**

10

11  REGINA LEVISON DBA LEVISON SEARCH | Case No.
ASSOCIATES,
12 | **DEFENDANT HEALTHCARE**
             Plaintiff, | **RECRUITMENT LINK, LLC's NOTICE OF**
13 | **REMOVAL TO FEDERAL COURT UNDER**
vs. | **28 U.S.C. § 1441(b) DIVERSITY**
14
HEALTHCARE RECRUITMENT LINK, LLC;
15  and DOES 1 to 20,
State Action Filed:   August 17, 2022
16             Defendants.

17

18

19

20      **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

21      COMES NOW Defendant HEALTHCARE RECRUITMENT LINK, LLC by undersigned

22  counsel, and files this Notice of Removal pursuant to 28 U.S.C. §1446. HEALTHCARE

23  RECRUITMENT LINK, LLC removes to this Court the state court action described below and in

24  support of this Notice, HEALTHCARE RECRUITMENT LINK, LLC respectfully alleges as follows:

25      1.      On August 17, 2022 the Plaintiff filed a Summons and Complaint against

26  HEALTHCARE RECRUITMENT LINK, LLC in the Superior Court of the State of California,

27  County   of   El   Dorado,   entitled   *Regina   Levison   dba   Levison*

28  *Search Associates v. Healthcare Recruitment Link, L.L.C.; and DOES 1 to 20*, Case No. 22CV1160.

QUINN • COVARRUBIAS

- 1 -

In this Complaint, the Plaintiff alleges the Defendant improperly attempted to terminate an agreement to pay Plaintiff commissions for procuring clients for Defendant's healthcare recruitment business, and failed to pay commissions due under that agreement. The complaint sets out causes of action for Breach of Contract, Common Counts, Services Rendered, and for an Accounting.  A true and correct copy of the Summons, unverified Complaint, and all other documents filed in the action are collectively attached hereto as Exhibit A.

2.     HEALTHCARE RECRUITMENT LINK, LLC was served with the Summons and Complaint on October 6, 2022.  This Notice of Removal is being filed within the thirty (30) days after the receipt by HEALTHCARE RECRUITMENT LINK, LLC of a copy of the pleading setting forth the claim for relief upon which this action is based.

3.     Pursuant to 28 U.S.C. § 1332, this is a civil action of which this Court has original jurisdiction and is one which may be removed to this Court by HEALTHCARE RECRUITMENT LINK, LLC pursuant to the provisions of 28 U.S.C. § 1441(b).  Pursuant to 28 U.S.C. § 1441(b) this case may be removed as it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs.

4.     Complete diversity of citizenship exists in that Plaintiff REGINA LEVISON DBA LEVISON SEARCH ASSOCIATES is a citizen of the State of California; and Defendant HEALTHCARE RECRUITMENT LINK, LLC is a citizen of the State of Missouri. The complaint does not allege the citizenship of the Defendant, only that it "is a foreign LLC with its principal place of business in Missouri at 1276 Golden Gate Lane, St. Peters, MO 63376" (para. 1 of the Complaint).   The citizenship of a Limited Liability Company for diversity purposes is determined by examining the citizenship of each member of the company. *D.B. Zwim Special Opportunities Fund, L.P. v. Mehrotra* (1st Cir. 2011661 F3d 124,125-126; *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.* (11th Cir. 2004) 374 F3d 1020, 1021-1022. HEALTHCARE RECRUITMENT LINK, LLC has only two members; Sheila Bixler, who is a citizen of Missouri, and Heidi Johnson, who is a citizen of Washington. Its citizenship is therefore Missouri, and complete diversity exists.

5.     HEALTHCARE RECRUITMENT LINK, LLC is the only defendant that has been served with the summons and complaint in this action.  No defendant other than HEALTHCARE

RECRUITMENT LINK, LLC has been named and served therefore there are no other defendants needed to join in the removal.  Furthermore, Doe defendants do not need to be joined in this Notice of Removal.  *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

6.      The complaint does not disclose the amount in controversy.  The only allegation that refers to a dollar amount of damages is, "This is an unlimited case because Plaintiff's damages are in excess of $25,000" (paragraph 4 of the complaint). In cases where the complaint does not disclose the amount in controversy, this jurisdictional fact must be set forth in the defendant's notice of removal.  In doing so, "A removing party need not show that the plaintiff will prevail or collect more than $75,000 if he does. The burden, rather, is to show what the plaintiff hopes to get out of the litigation; if this exceeds the jurisdictional amount, then the case proceeds in federal court unless a rule of law will keep the award under the threshold". *Rising -Moore v. Red Roof Inns, Inc*., 435 F.3d 813, 815-817 (7th Cir 2006).  The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability. *Lewis v. Verizon Communications, Inc*. 627 F. 3d 395, 400 (9th Cir 2010).

7.      Settlement offers and negotiations are admissible for the purpose determining the amount in controversy because they are not offered "to prove liability for or invalidity of the claim or its amount… instead … to show the stakes, a question independent of the claim's merit. *Rising -Moore, v. Red Roof Inns, Inc*., 435 F.3d 813, 816 (7th Cir 2006).  On July 12, 2022 Plaintiff's counsel in this case sent a letter to Defendant's counsel containing what he characterized as "our last attempt to settle this matter prior to filing a lawsuit".  A true and correct copy of this letter is attached as Exhibit B. The letter identifies four clients by name and demands all commissions the plaintiff claims to have earned before the letter, and all commissions due for those clients thereafter, for the following five years. [1]Application of the Plaintiff's damages formula set out in the settlement letter to the defendant's financial and contract records generates a minimum dollar amount for what Plaintiff hopes to get out this litigation, of $245,220.00.  If commissions due in the future are limited to just one year, instead of five, the figure is $104,515.10.  It is clear the jurisdictional minimum requirement for an amount in controversy of $75,000.00, is clearly present.

---

[1] The complaint alleges a broader measure of damages, not limited to these four clients.

DEFENDANT HEALTHCARE RECRUITMENT LINK, LLC's NOTICE OF REMOVAL TO FEDERAL COURT

8.      The removal of this claim against HEALTHCARE RECRUITMENT LINK, LLC to this Court is proper under 28 U.S.C. § 1446(a) because this Court embraces the place in which the state action is pending.

9.      Based on the foregoing reasons, the removal in this action is timely and proper.

10.     In accordance with 28 U.S.C. §1446(d), on this same date, the undersigned counsel has given written notice of the filing of this Notice of Removal to counsel for Plaintiffs and filed a copy of this Notice of Removal with the clerk of the Stanislaus County Superior Court.  A copy of the Notice of Removal of Case to Federal Court which will be filed with the California Superior Court in the County of El Dorado on this date is attached hereto as Exhibit C.

WHEREFORE, Defendant HEALTHCARE RECRUITMENT LINK, LLC prays that this action No. 22CV1160 now pending in the Superior Court of California, County of El Dorado be removed to this Court for all further proceedings.

Date: November 3, 2022

**QUINN • COVARRUBIAS**

By: _____/s/  Mark A. Campbell_____
            Mark A. Campbell

Ex. A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Healthcare Recruitment Link, LLC; DOES 1-20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Regina Levison DBA Levison Search Associates

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

EL DORADO CO. SUPERIOR CT.

FILED    AUG 17 2022

BY    **S. Platt**
Deputy

Assigned to
Judge Dylan Sullivan

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* El Dorado Superior Court<br><br>3321 Cameron Park Drive<br>Cameron Park, CA 95682 | CASE NUMBER:<br>*(Número del Caso):*<br><br>22CV1160 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Matthew Brinegar, 2000 Van Ness Avenue, Suite 512, San Francisco, CA 94109, 415-735-6856

| DATE: 8-10-22<br>*(Fecha)*    AUG 17 2022 | Clerk, by<br>*(Secretario)*    **S. Platt** | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

ISSUED

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*

   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Matthew A. Brinegar (277517)<br>The Brinegar Law Firm<br>2000 Van Ness Avenue, Suite 512<br>San Francisco, CA 94109<br>TELEPHONE NO.: 415-735-6856    FAX NO.:<br>ATTORNEY FOR *(Name):* Regina Levison DBA Levison Search Associates | EL DORADO CO. SUPERIOR CT.<br><br>FILED   AUG 17 2022<br><br>BY _____ **S. Platt**<br>Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  El Dorado
STREET ADDRESS: 3321 Cameron Park Drive
MAILING ADDRESS: 3321 Cameron Park Drive
CITY AND ZIP CODE: Cameron Park 95682
BRANCH NAME: Cameron Park Branch

CASE NAME:
Regina Levison v. Healthcare Recruitment Link, LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 22CV1160 |

JUDGE: Assigned to
DEPT: Judge Dylan Sullivan

*Items 1–6 below must be completed (see instructions on page 2).*

BY FAX

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☑ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* 3
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 8-15-22
Matthew A. Brinegar
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Matthew A. Brinegar (SBN 277517)
The Brinegar Law Firm
2000 Van Ness Avenue, Suite 512
San Francisco, CA 94109
Telephone: 415.735.6856
Facsimile: 415.520.9287

Attorney for Plaintiff
Regina Levison.

EL DORADO CO. SUPERIOR CT.

FILED   AUG 17 2022

BY _____ **S. Platt**
          Deputy

Assigned to
Judge Dylan Sullivan
For all purposes

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF EL DORADO

UNLIMITED JURISDICTION

| | |
|---|---|
| REGINA LEVISON DBA LEVISON SEARCH ASSOCIATES | Case No.: **22CV1160** |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF FOR:** |
| vs. | 1. Breach of Contract |
| HEALTHCARE RECRUITMENT LINK, L.L.C.; AND DOES 1 TO 20 | 2. Common Counts: Services Rendered |
| Defendants. | 3. Accounting   BY FAX |

COMES NOW Plaintiff Regina Levison DBA Levison Search Associates ("Plaintiff") who alleges against Defendant Healthcare Recruitment Link, L.L.C. ("Defendant") and DOES 1-20 (all defendants hereinafter known as "Defendants") as follows:

## I.   PARTIES

1.   Plaintiff is an individual who resides and conducts her healthcare provider recruitment business in El Dorado County California.

2.   Defendant is a foreign LLC with its principal place of business at 1276 Golden Gate Lane, St. Peters, MO 63376. It routinely transacts business in the State of California, including, but not limited to, contracting with California hospitals and California medical

-1-

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

practices to recruit healthcare providers to work in California, as well as paying California-based recruiters, such as Plaintiff, to perform healthcare recruiting in California. Defendant's agents have also traveled to California on several occasions to conduct its healthcare recruitment business therein. A significant part of Defendant's revenue is the result of the business it conducts in California. Upon information and belief, Defendant is in violation of Corporations Code §2105(a) by failing to register as a foreign corporation

## II.    VENUE AND JURISDICTION

3.    Venue and jurisdiction are proper in El Dorado County because Defendant entered into contracts with Plaintiff in El Dorado County, the contracts were to be performed in El Dorado County, and the breaches of contract occurred in El Dorado County. CCP §395.5. Therefore, Defendant has purposefully availed itself of the benefits of doing business in California with respect to the agreements it had with Plaintiff to perform healthcare recruiting services. Moreover, by failing to comply with Corporations Code §2105(a) while transacting in business in California, Defendant is deemed to have consented to the jurisdiction of the courts of California in any civil action arising in this state in which the corporation is named a party defendant. Corporations Code §2203.

4.    This is an unlimited case because Plaintiff's damages are in excess of $25,000.

## III.    FACTUAL ALLEGATIONS

5.    Plaintiff has worked in the healthcare recruitment industry for approximately 40 years. In 1988, she founded Levison Search Associates with her late husband, which provides recruitment, technology consulting, and expert witness services. Plaintiff has participated in more than 2,000 search assignments for healthcare workers.

6.    In or around February 19, 2018, Plaintiff entered into an oral agreement with Defendant for, *inter alia*, business development services. The Parties later memorialized the terms of their oral agreement in a draft written contract, which stated that it was effective July 17, 2018. Said memorialization was negotiated in-person in Plaintiff's home in El Dorado County, California.

7.    The Parties' oral agreement stated that Plaintiff would provide healthcare business development, healthcare worker recruitment services, and technology consulting services to

-2-

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Defendant. The agreement was automatically renewable for 12-month periods, subject to 60-day written notice of termination before the end of each successive term.

8.    In exchange for providing these services, Plaintiff would be paid commissions, including for retained search agreements, for partnership model search agreements, for partial service agreements, for contained search agreements, and for contingency search agreements. Plaintiff would also receive a commission if she performed search assignments, and if Defendant and plaintiff jointly conducted search assignments. Plaintiff also agreed to mentor Defendant's principals on high-level search assignments. Defendant would pay Plaintiff's business expenses for work taken on its behalf.

9.    When the oral agreement terminated, Defendant was obligated to continue to pay commissions to Plaintiff on business developed by Plaintiff until those searches concluded or when the clients' contracts with Defendant ended, whichever was later.

10.    For several years thereafter, nearly all Defendant's revenue originated from Plaintiff's business development, including its relationships with California-based key clients. Plaintiff also provided mentoring services to Defendant's principals in accordance with the Parties' oral agreement.

11.    Defendant paid Plaintiff its commissions on the 20th of each month. The Parties engaged in monthly client update calls, and Defendant produced detailed spreadsheets of the services rendered, the amount billed, and Plaintiff's commissions and fees.

12.    Accordingly, in addition to the Parties' oral agreement, the Parties impliedly agreed through conduct that Defendant would pay Plaintiff on the 20th of each month, keep her apprised of client developments, and provide the spreadsheets.

13.    This mutually beneficial relationship began to unravel in or around February 2021. Defendant "hid" a client to avoid paying Plaintiff commissions. Upon information and belief, this was not the only client that Defendant did not disclose to Plaintiff.

14.    In November 2021, Defendant removed Plaintiff from the search for PMA's new chief operating officer in attempt to justify depriving Plaintiff of commissions.

-3-

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

15.     In November 2021, Defendant also stopped including Plaintiff on client update calls and providing her complete spreadsheets to keep her in the dark with respect to commissions that Plaintiff was owed or would be owed.

16.     On December 9, 2021, Defendant denied that there was agreement between the Parties, yet it purported to terminate Plaintiff's "services, effective immediately. You [Plaintiff] will be paid all compensation due and owing on December 20, 2021."

17.     On March 25, 2022, Plaintiff notified Defendant that they were in breach of the Parties oral and implied-in-fact agreements. She notified Defendant that it had not properly terminated the agreements, because they were valid for successive one-year terms, and only terminable with at least 60-days' notice prior to their anniversary dates. She also demanded an accounting and payment of all previously earned commissions as well as payments for all future commissions.

18.     On April 15, 2022, Defendant, through counsel, refused to live up to the terms of the Parties' agreements.

## V. CLAIMS

### FIRST CAUSE OF ACTION

#### (Breach of Oral Contract)

#### (Against All Defendants)

19.     Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

20.     In or around February 19, 2018, the Parties orally agreed to the terms of a commission-based contract for services, effective July 17, 2018. This oral agreement was subsequently memorialized in a draft written agreement with all its essential terms.

21.     The Parties agreed that Plaintiff would provide certain business development, healthcare recruitment, and technology consulting services in exchange for compensation.

22.     Alternatively, the Parties, by their conduct, created an agreement for the exchange of Plaintiff's services for compensation. Defendant knew that its intentional conduct, including requesting Plaintiff's services and paying her commissions and fees, would be interpreted by Plaintiff as an agreement to enter into a contract.

-4-

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

23.     Additionally, the Parties, by their conduct, created an agreement for the Parties to engage in monthly business development calls, for Plaintiff to participate in client update calls, and for Defendant to prepare a spreadsheet with services rendered, the amount billed, and Plaintiff's commissions and fees. Defendant knew that its intentional conduct, including engaging in monthly business development calls, including Plaintiff in client update calls, and preparing the spreadsheets for several years, would be interpreted by Plaintiff as an agreement to enter into a contract.

24.     Plaintiff did all, or substantially all, of the significant things the contracts required her to do.

25.     Alternatively, Plaintiff was excused from having to perform all, or some, of the duties under the Parties' oral agreement.

26.     Starting in 2021, Defendant failed to live up to the contracts by, *inter alia*, refusing to include Plaintiff in client update calls, only partially preparing the spreadsheets, "terminating" the contracts prematurely, and refusing to pay commissions and fees.

27.     Defendant also breached the implied covenant of good faith and fair dealing by hiding one or more clients from Plaintiff and removing Plaintiff from searches for the purpose of withholding commissions.

28.     Plaintiff was harmed by Defendant's repeated breaches of the agreements, including lost commissions and fees.

29.     Defendant's breach of contract was a substantial factor in causing Plaintiff's harm.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION

### (Common Count: Services Rendered)

### (Against All Defendants)

30.     Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

31.     Defendants requested, by words and conduct, that Plaintiff provided services (i.e., business development, healthcare recruiting, and technology consulting) for the benefit of Defendants.

32.     Plaintiff performed those services as requested.

-5-

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

33.    The Parties had an understanding or expectation that Plaintiff would be paid for her services.

34.    Plaintiff has not been compensated for all services rendered.

35.    As a direct and proximate result of Defendant's actions, Plaintiff was harmed in that she did not receive compensation in a reasonable amount for the benefit that she conferred upon the Defendant by providing the aforementioned services.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## THIRD CAUSE OF ACTION

### (Accounting)

### (Against All Defendants)

36.    Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

37.    A relationship exists between Plaintiff and Defendant that requires an accounting, i.e., Plaintiff is due commissions for services rendered to Defendant.

38.    A balance is due Plaintiff for services rendered.

39.    Since Defendant is the only Party that possesses the information necessary to ascertain the commissions withheld, an accounting is necessary.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## VI. PRAYER

WHEREFORE, THESE PREMISES CONSIDERED, Plaintiff prays for the following relief:

A.  For special damages, according to proof.

B.  An accounting;

C.  For pre and post-judgment interest;

D.  For declaratory and injunctive relief;

E.  For attorneys' fees and costs; and

F.  For such other and further relief as the Court may deem just.

//
//
//
//

-6-

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Date:  August 15, 2022                    THE BRINEGAR LAW FIRM


                                          Matthew A. Brinegar
                                          Attorney for Plaintiff
                                          Regina Levison
                                          DBA Levison Search Associates


## DEMAND FOR JURY TRIAL

The Plaintiff herewith requests a trial by jury for all issues of material fact.

Date:  August 15, 2022                    THE BRINEGAR LAW FIRM


                                          Matthew A. Brinegar
                                          Attorney for Plaintiff
                                          Regina Levison
                                          DBA Levison Search Associates

-7-

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

EL DORADO CO. SUPERIOR CT.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF EL DORADO<br><br>3321 Cameron Park Drive<br>Cameron Park, CA 95682 | FILED AUG 17 2022<br>BY _[signature]_<br>Deputy |
|---|---|
| TITLE OF CASE: Regina Levison vs. Healthcare Recruitment Link | CASE NUMBER<br>22CV1160 |
| **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE** | |

August 17, 2022

NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE
(Local Rule 7.12.05 and 7.12.06)

NOTICE IS HEREBY GIVEN that a CASE MANAGEMENT CONFERENCE in the above entitled case is set for 9:30 AM 12/19/2022 and 3321 Cameron Park Drive, Cameron Park, CA 95682.

A Case Management Statement must be filed and served not less than 15 days before the Conference.

If a party is demanding a jury trial, pursuant to Civil Code of Procedure section 631(b), a non-refundable jury fee of $150.00 must be deposited with the court on or before the initial Case Management Conference date in this action. Failure to timely deposit the funds will result in a waiver of a jury trial.

At the CASE MANAGEMENT CONFERENCE, you will be assigned a Dispute Resolution Conference Date, a Mandatory Settlement Conference Date, and a Trial Date. In lieu of a Dispute Resolution Conference, the parties may elect mediation, binding arbitration, or judicial arbitration.

In addition, the court will make pre-trial orders.

The Court will require full compliance of El Dorado County Local Rules, in particular, the rules governing Trial Court Case Management (rule 7.12.00, etc.). For additional information regarding the Trial Court Case Management Program visit our website at: https://eldorado.courts.ca.gov/. You must be prepared to discuss all matters and dates which are the subjects of the Case Management Conference. Telephonic court appearances are provided through the Court. To sign up to appear by telephone please go to the court's website at https://eldorado.courts.ca.gov/online-services/telephonic-appearances at least five (5) days prior to the scheduled conference.

## CLERK'S CERTIFICATE OF SERVICE

I declare under penalty of perjury that I am over the age of 18 and not a party to the above action; that a copy of NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE was placed for mailing through either the United State Post Office or Inter-Departmental mail on the parties at the address shown herein. Executed on August 29, 2022, in Cameron Park, California.

Delivered to:

Attorney Matthew Brinegar
1901 HARRISON STREET FLOOR 14
OAKLAND, CA 94612

Shelby Wineinger, Interim Court Executive Officer

By: _____
        Deputy Clerk

EL DORADO CO. SUPERIOR CT.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF EL DORADO | FILED AUG 17 2022 |
|---|---|
| 3321 Cameron Park Drive<br>Cameron Park, CA 95682 | BY _[signature]_ Deputy |
| TITLE OF CASE: Regina Levison vs. Healthcare Recruitment Link | CASE NUMBER<br>22CV1160 |
| **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE** | |

August 17, 2022

NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE
(Local Rule 7.12.05 and 7.12.06)

NOTICE IS HEREBY GIVEN that a CASE MANAGEMENT CONFERENCE in the above entitled case is set for 9:30 AM 12/19/2022 and 3321 Cameron Park Drive, Cameron Park, CA 95682.

A Case Management Statement must be filed and served not less than 15 days before the Conference.

If a party is demanding a jury trial, pursuant to Civil Code of Procedure section 631(b), a non-refundable jury fee of $150.00 must be deposited with the court on or before the initial Case Management Conference date in this action. Failure to timely deposit the funds will result in a waiver of a jury trial.

At the CASE MANAGEMENT CONFERENCE, you will be assigned a Dispute Resolution Conference Date, a Mandatory Settlement Conference Date, and a Trial Date. In lieu of a Dispute Resolution Conference, the parties may elect mediation, binding arbitration, or judicial arbitration.

In addition, the court will make pre-trial orders.

The Court will require full compliance of El Dorado County Local Rules, in particular, the rules governing Trial Court Case Management (rule 7.12.00, etc.). For additional information regarding the Trial Court Case Management Program visit our website at: https://eldorado.courts.ca.gov/. You must be prepared to discuss all matters and dates which are the subjects of the Case Management Conference. Telephonic court appearances are provided through the Court. To sign up to appear by telephone please go to the court's website at https://eldorado.courts.ca.gov/online-services/telephonic-appearances at least five (5) days prior to the scheduled conference.

## CLERK'S CERTIFICATE OF SERVICE

I declare under penalty of perjury that I am over the age of 18 and not a party to the above action; that a copy of NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE was placed for mailing through either the United State Post Office or Inter-Departmental mail on the parties at the address shown herein. Executed on August 29, 2022, in Cameron Park, California.

Delivered to:

Attorney Matthew Brinegar
1901 HARRISON STREET FLOOR 14
OAKLAND, CA 94612

Shelby Wineinger, Interim Court Executive Officer

By: _____

Deputy Clerk

Mandatory Use
Local Form C-52
Effective 12/13/2021

Notice of Case Assignment & Case Management Conference
(Civil)

Page 1 of 1

Ex. B

# The Brinegar Law Firm

Medical Arts Building
2000 Van Ness Avenue, Suite 512
San Francisco, CA 94109
Phone: 415-735-6856
Fax: 415-520-9287
E-Mail: mbrinegar@brinegarlaw.com
Web: brinegarlawsf.com

July 12, 2022

**VIA E-MAIL ONLY**
Patti Williams, Esq.
Lex Valorem
4220 Duncan Ave., Suite 201
St. Louis, MO 6311
patricia.williams@lexllc.com

Re:    *Regina Levison DBA Levison Search Associates v. Healthcare Recruitment Link, LLC*

Dear Ms. Williams:

I am writing to respond to your June 11, 2022 email. This is our last attempt to settle this matter prior to filing a lawsuit. Ms. Levison would be willing to accept:

1. All commissions due (i.e., 25% for retained search agreements, 25% for partnership model search agreements, 25% for partial service agreements, 15% for contained search agreements, and 12% for contingency search agreements) between December 21, 2021, the date of the void notice of termination, and July 16, 2022. This amount would be due and payable at the time of settlement. Together with the commissions due, HRL's principals and HRL's accountant would have to produce a report under the penalty of perjury, which lists all search and consulting fees paid by Marin Health, Brown & Toland, Pulmonary Medicine Associates, and Yakima Valley Hospital during the applicable period.

2. Until July 16, 2027, which would be the five year anniversary of the termination of the agreement, HRL would have to pay Ms. Levison all commissions due for the aforementioned clients on a cash-in received basis. The payments must be made on the 20th of each month. HRL's principals and HRL's accountant would have to produce an annual report of these payments under the penalty of perjury, which lists all search and consulting fees paid by Marin Health, Brown & Toland, Pulmonary Medicine Associates, and Yakima Valley Hospital during the applicable period.

Please let me know within seven (7) days whether your clients are agreeable to this resolution. I can be reached at 415-735-6856 or mbrinegar@brinegarlaw.com.

1

Sincerely,

/s/

Matthew A. Brinegar, Esq.

Ex. C

1   MARK A. CAMPBELL (SB# 93595)
    **QUINN • COVARRUBIAS**
2   2220 Douglas Boulevard, Suite 240
    Roseville, CA 95661
3   Sacramento, CA  95826
    Telephone: (916) 400-2300
4   Fax:     (916) 400-2311
    mcampbell@quinncova.com
5   eservice@quinncova.com

6   Attorneys for Defendant
    Healthcare Recruitment Link, LLC
7

(SPACE BELOW FOR FILING STAMP ONLY)
(SPACE BELOW FOR FILING STAMP ONLY)

8         **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9            **IN AND FOR THE COUNTY OF EL DORADO**

10

11   REGINA LEVISON DBA LEVISON SEARCH   Case No.  22CV1160
    ASSOCIATES,
12
                        **DEFENDANT HEALTHCARE**
13          Plaintiff,        **RECRUITMENT LINK, LLC's NOTICE OF**
                        **REMOVAL TO FEDERAL COURT**
14   vs.

15   HEALTHCARE RECRUITMENT LINK, LLC;
    and DOES 1 to 20,             Action Filed:  August 17, 2022
16
          Defendants.
17

18

19   **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:**
20

21        NOTICE IS HEREBY GIVEN that HEALTHCARE RECRUITMENT LINK, LLC,

22   defendant in the above-captioned action has filed a Notice of Removal of this action, <u>a copy of which</u>

23   <u>is attached hereto</u>, with the United States District Court for the Eastern District of California,

24   Sacramento Division.

25   / / /

26   / / /

27   / / /

28   / / /

QUINN • COVARRUBIAS

1         PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446(b) and (d), the filing

2    of said Notice in the United States District Court, together with the filing of said Notice with this

3    Court, effects the removal of this action and the above-captioned Court may proceed no further unless

4    and until the case has been remanded.

5

6    Date: November 3, 2022

7

8                               **QUINN • COVARRUBIAS**

9

10                         By: _____

                            Mark A. Campbell

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF SERVICE**

I, Yolanda Manzano, declare as follows:

I am employed in the County of Sacramento, State of California; I am over the age of 18 years and not a party to this action; my business address is 8801 Folsom Boulevard, Suite 230, Sacramento, California 95826, in said County and State. On today's date, November 3, 2022, I served:

**DEFENDANT HEALTHCARE RECRUITMENT LINK, LLC's NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. § 1441(b) DIVERSITY**

on the following person(s) at the following address(es), in the manner indicated below:

**Matthew A. Brinegar**
The Brinegar Law Firm
2000 Van Ness Avenue, Suite 512
San Francisco, CA 94109
Ph: (415) 735-6856
Fax: (415) 520-9287
<mbrinegar@brinegarlaw.com>

 **BY E-MAIL/ELECTRONIC TRANSMISSION:** I caused courtesy copies of the documents to be sent to the persons at the e-mail addresses shown above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and this declaration of service was executed on October 17, 2022, at Sacramento, California.

By: _Yolanda Manzano_
Yolanda Manzano